FILED

14 MAR 20 AM 10: 00

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GRANITE RANCH OPPORTUNITIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN E. HASTY; KAREN R. HASTY; and DOES 1 to 10, <br><br> Defendants. | CASE NO. 14-CV-0608 BEN (RBB) <br><br> **ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |
|---|---|

This action is an unlawful detainer action initially filed in the Superior Court of California, County of San Diego. The Complaint, dated July 16, 2013, alleges that Plaintiff Granite Ranch Opportunities, LLC has title to real property located at 304 Palm Canyon Drive, Vista, California 92083. Plaintiff alleges it served Defendants Steven E. Hasty and Karen R. Hasty with written notice to vacate the property on July 12, 2013, but Defendants unlawfully continue in possession of the property. Plaintiff seeks restitution and possession of the property, damages at the rate of $85 per day for use and occupancy of the property and premises from July 16, 2013 until judgment is rendered or possession of the premises is recovered, and Plaintiff's costs of suit. Defendants were served with the summons on July 16, 2013. On March 17, 2014, Defendants removed the action to this Court. This is the fourth time Defendants have removed this unlawful detainer action. *See* Case No. 14-CV-393 CAB (RBB); Case

No. 13-CV-2833 DMS (DHB); Case No. 13-CV-2037 H (WVG).

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

This Court does not have subject matter jurisdiction over the present action. Because the Complaint does not allege violation of any federal law, this Court does not have federal question jurisdiction. *See* 28 U.S.C. 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In addition, because the Complaint seeks less than $10,000 in damages, this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States.").

1 | This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS**
2 | this action to the Superior Court of California, County of San Diego.
3 | **IT IS SO ORDERED.**
4 |
5 | DATED: March /9, 2014
6 | HON. ROGER T. BENITEZ
7 | United States District Court Judge